United States District Court
Southern District of Texas
**ENTERED**
September 16, 2020
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| RODNEY POULLARD, Jr., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:20-CV-454 |
| | § | |
| CASEY HOWARD, | § | |
| U.S. DEPARTMENT OF LABOR, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION**

Pending before the Court[1] are Defendants' Motion to Dismiss under Rule 12(b)(6) (Dkt. No. 4) and Plaintiff's Motion for Appointment of Counsel (Dkt. No. 10). Based on a thorough review of the pleadings, motions, and relevant law, the Court **RECOMMENDS** Defendants' Motion to Dismiss be **GRANTED** unless Plaintiff files an amended complaint stating a claim by the deadline set upon a ruling on this Memorandum and Recommendation. The Court also **RECOMMENDS** Plaintiff's Motion for Appointment of Counsel be **DENIED WITHOUT PREJUDICE**.[2]

---

[1] On July 6, 2020, the District Judge referred the entire case to the Magistrate Judge for full pretrial management pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (Dkt. No. 9.)

[2] There is some authority to suggest a magistrate judge may issue a decision on a motion for appointment of counsel, rather than a recommendation to the district judge. *See Umoren v. Plano Indep. Sch. Dist. Bd. of Trs.*, 382 F. App'x 356, 356-57 (5th Cir. 2010) (indicating a motion for appointment of counsel could be treated as a pretrial matter under 28 U.S.C. § 636(b)(1)(A)). However, several courts have issued their analyses in the form of recommendations. *See, e.g.*, *Holland v. Pitman*, No. 18-CV-657, 2018 WL 9650937 (W.D. Tex. Aug. 14, 2018), *report and recommendation adopted*, 2018 WL 9650938 (Sept. 7, 2018); *Maxwell v. Hininger*, No. 10-CV-130, 2012 WL 3115833 (S.D. Miss. July 24, 2012), *report and recommendation adopted*, 2013 WL 357791 (Jan. 29, 2013). Out of an abundance of caution, this Court does the same.

## I.     BACKGROUND

Plaintiff Rodney Poullard ("Plaintiff") filed this *pro se* lawsuit against Casey Howard and the U.S. Department of Labor (collectively, "Defendants") on February 6, 2020. (Dkt. No. 1.) The complaint and attached exhibits consist solely of a series of documents relating to Plaintiff's interactions with various government entities, including: (1) a letter to Plaintiff from the Department of Homeland Security, dated February 9, 2017, describing harassing behavior Plaintiff exhibited over the phone to Department of Labor employees on February 8, 2017, (*id.*); (2) a map of Texas, (*id.*); (3) Plaintiff's driver's license and social security card, (Dkt. No. 1-1); (4) a letter to Plaintiff from the Social Security Administration, dated December 1, 2019, regarding Plaintiff's benefits, (Dkt. No. 1-2); (5) a letter from an Administrative Law Judge at the Department of Labor, dated January 11, 2017, indicating a decision in Plaintiff's case had been made, (Dkt. No. 1-3); (6) a second map of Texas, with a hand-written caption stating, "Knowledge of Conspiracy Theory North of Houston, Texas," (*id.*); and (7) various documents regarding Plaintiff's mental health condition in March 2017, including an Order of Protective Custody committing Plaintiff to inpatient mental health treatment on March 29, 2017, (Dkt. No. 1-4).

On May 5, 2020, Defendants filed a Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing Plaintiff failed to state a claim for relief because he did not "provide any allegations to establish jurisdiction, what claims he is asserting, or any meaningful opportunity for the Defendants to respond to those claims." (Dkt. No. 4 at 2.) Plaintiff did not respond to the Motion to Dismiss. However, on August 5, 2020, Plaintiff filed a Motion for Appointment of Counsel and a letter requesting the Court review his case, which also references his administrative case before the Department of Labor. (Dkt. Nos. 10 & 11.)

## II.   DEFENDANTS' MOTION TO DISMISS SHOULD BE GRANTED UNLESS PLAINTIFF FILES AN AMENDED COMPLAINT THAT STATES A CLAIM.

Rule 12(b)(6) allows a defendant to move to dismiss a complaint based on "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction[;] (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." FED. R. CIV. P. 8(a). Moreover, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although a complaint need not contain detailed factual allegations, it "must provide the plaintiff's grounds for entitlement to relief—including factual allegations that . . . raise a right to relief above the speculative level." *Wilson v. Houston Cmty. Coll. Sys.*, 955 F.3d 490, 500 (5th Cir. 2020) (quotations omitted).

Courts must view all well-pleaded factual allegations in the light most favorable to the plaintiff. *Evans v. City of Meridian*, 630 F. App'x 312, 314 (5th Cir. 2015). "Pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers but are nonetheless insufficient if they contain only labels and conclusions, or a formulaic recitation of the elements of a cause of action." *Ganheart v. Brown*, 740 F. App'x 386, 389 (5th Cir. 2018) (quotations and alterations omitted). "Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, 'documents incorporated into the complaint by reference, and matters of

which a court may take judicial notice.'" *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).

Here, even when liberally construed, Plaintiff's complaint and attached documents fail to state a claim. The complaint omits all factual allegations whatsoever, fails to assert any causes of action, makes no mention of the relief sought, and does not include a statement explaining the grounds for this Court's jurisdiction. Moreover, the Court cannot decipher the intent of Plaintiff's lawsuit from the submitted exhibits—which range from maps of Texas to mental health records, communications with the Department of Homeland Security, and letters from the Department of Labor and Social Security Administration. At most, the Court can speculate that Plaintiff is somehow disputing his benefit determination by the Department of Labor. (*See* Dkt. No. 11 at 1.) However, it is unclear that this is what Plaintiff seeks to allege.

Plaintiff has thus failed to state a claim upon which relief can be granted. *See, e.g.*, *Hamilton v. Czyzyk*, No. 16-CV-994, 2017 WL 5649608, at *1 (S.D. Tex. Mar. 31, 2017) (granting 12(b)(6) motion to dismiss "[b]ecause the plaintiff's complaint is incomprehensible, does not appear to state the grounds upon which this Court's jurisdiction depends and does not contain a short and plain statement showing that he is entitled to relief or damages for which this Court can award"), *aff'd sub nom. Hamilton v. Trump*, 697 F. App'x 325 (5th Cir. 2017); *Garcia v. Chase Home Fin., LLC*, No. 10-CV-1015, 2011 WL 901392, at *2 (W.D. Tex. Mar. 15, 2011) (finding plaintiff's complaint failed to state a claim because it failed to specify any cause of action).

The Fifth Circuit has held, however, that "district courts should not dismiss *pro se* complaints pursuant to Rule 12(b)(6) without first providing the plaintiff an opportunity to amend, unless it is obvious from the record that the plaintiff has pled his best case." *Hale v. King*, 642 F.3d 492, 503 (5th Cir. 2011); *see also Fierro v. Knight Transp.*, No. 12-CV-218, 2012 WL

4321304, at *8 (W.D. Tex. Sept. 18, 2012) ("Because Rule 12(b)(6) dismissals of *pro se* complaints are disfavored, a court should grant a *pro se* party every reasonable opportunity to amend.") (quotations and alterations omitted). This is true even when a plaintiff fails to respond to the motion to dismiss or request leave to amend. *See, e.g.*, *Davis v. Am. Mortg. Network, Inc.*, No. 11-CV-1690, 2012 WL 13018977, at *2 (N.D. Tex. Jan. 18, 2012), *report and recommendation adopted*, 2012 WL 537594 (Feb. 16, 2012); *Ramirez v. United States*, No. 01-CV-717, 2003 WL 22123463, at *2 (N.D. Tex. Mar. 6, 2003). The Court, therefore, recommends that Plaintiff be given leave to amend his complaint and that Defendants' Motion to Dismiss be granted only if Plaintiff fails to file an amended complaint that states a claim.

### III.   PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL SHOULD BE DENIED WITHOUT PREJUDICE TO RENEWAL.

Under the statute governing *in forma pauperis* ("IFP") proceedings, 28 U.S.C. § 1915, the court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1).[3] However, there is no constitutional right to appointed counsel in a civil case, even for indigent litigants. *Jemison v. Citimortgage, Inc.*, No. 13-CV-2475, 2013 WL 12140971, at *1 (S.D. Tex. Oct. 7, 2013) (citing *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986) and *Salmon v. Corpus Christi Indep. Sch. Dist.*, 911 F.2d 1165, 1166 (5th Cir. 1990)). Courts instead look to whether exceptional circumstances justify the appointment of counsel, focusing on the following factors: "(1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to

---

[3] Plaintiff was granted IFP status to file this complaint. (Case No. 20-mc-347, Dkt. No. 2.)

require skill in the presentation of evidence and in cross examination." *Jackson*, 811 F.2d at 262; *accord Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982). Courts maintain considerable discretion in determining whether to appoint counsel. *Ulmer*, 691 F.2d at 213; *Smith v. Mechiconne*, No. 13-CV-312, 2014 WL 12709394, at *1 (S.D. Miss. Feb. 6, 2014).

Here, it is not clear that exceptional circumstances exist to justify appointment of counsel. In his motion, Plaintiff provides no explanation whatsoever for why he should be appointed counsel. (*See* Dkt. No. 10.)[4] Given that the Court is unable to decipher the intent of Plaintiff's lawsuit, it cannot adequately analyze the factors above and recommends Plaintiff's motion be denied at this time. *See, e.g.*, *Sattler v. United States*, No. 15-CV-690, 2015 WL 5306249, at *3 (W.D. Tex. Sept. 10, 2015) (recommending denial of motion to appoint counsel because the complaint did not state a cognizable case, controversy, or cause of action and the basis for the court's jurisdiction was unclear), *aff'd*, 653 F. App'x 794 (5th Cir. 2016). However, because the Court has some concerns about Plaintiff's ability to present his case, the Court recommends the motion be denied without prejudice to renewal should Plaintiff be able to demonstrate exceptional circumstances warrant appointment of counsel. *See, e.g.*, *Baggett v. Burnet Consol. Indep. Sch. Dist.*, No. 06-CV-572, 2006 WL 8433874, at *1 (W.D. Tex. Dec. 15, 2006) (giving *pro se*

---

[4] In his letter to the Court, Plaintiff does state he is unfamiliar with the law. (*See* Dkt. No. 11 at 1.) This argument, standing alone, is insufficient to appoint counsel. *Valentine v. City of Austin*, No. 15-CV-482, 2015 WL 12942439, at *2 (W.D. Tex. July 15, 2015); *see also Margin v. Soc. Sec. Admin.*, No. 08-CV-4605, 2009 WL 3673025, at *2 (5th Cir. Oct. 28, 2009) ("[E]very litigant benefits by having an attorney. However, the burden is on the plaintiff to demonstrate that, unique from other *pro se* litigants, he will have particular difficulty in investigating and presenting his case such that his situation justifies the special benefit of having counsel appointed to represent him.").

defendants an opportunity to renew their motion for appointment of counsel at a later time if it became clear an attorney was necessary).

## IV.    CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** Defendants' Motion to Dismiss be **GRANTED**, unless Plaintiff subsequently files an amended complaint that states a claim, and Plaintiff's Motion for Appointment of Counsel be **DENIED WITHOUT PREJUDICE**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the Undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas on September 16, 2020.

Sam S. Sheldon
United States Magistrate Judge