United States District Court
Southern District of Texas
**ENTERED**
October 06, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **RODNEY POULLARD, Jr.,** | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 4:20-CV-454 |
| **CASEY HOWARD,** **U.S. DEPARTMENT OF LABOR,** | § § § § | |
| Defendants. | § § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court[1] is Plaintiff's Request to Reopen the Case. (Dkt. No. 17.) Based on a thorough review of the request, case history, and relevant law, the Court **RECOMMENDS** the request be **DENIED**.

### I.     BACKGROUND

Plaintiff Rodney Poullard ("Plaintiff") filed this *pro se* lawsuit against Casey Howard and the U.S. Department of Labor (collectively, "Defendants") on February 6, 2020. (Dkt. No. 1.) Plaintiff's complaint consisted solely of a series of documents[2] and did not contain factual allegations, a statement of jurisdiction, or any indication of the cause of action or relief he sought

---

[1] The District Judge referred the entire case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (Dkt. No. 9.)

[2] These documents include: (1) a letter from the Department of Homeland Security describing harassing behavior Plaintiff exhibited towards Department of Labor employees; (2) a map of Texas; (3) Plaintiff's driver's license and social security card; (4) a letter from the Social Security Administration regarding Plaintiff's benefits; (5) a letter from the Department of Labor indicating a decision in Plaintiff's case had been made; (6) a second map of Texas, with a hand-written caption stating, "Knowledge of Conspiracy Theory North of Houston, Texas;" and (7) various documents regarding Plaintiff's mental health condition in March 2017. (Dkt. No. 1.)

to pursue. (*See id.*) Defendants filed a Motion to Dismiss (Dkt. No. 4), and Plaintiff never responded. On September 16, 2020, this Court issued a Memorandum and Recommendation ("M&R") finding that Plaintiff's complaint failed to state a claim for relief and recommending that Plaintiff be given an opportunity to amend his complaint by a deadline to be set by the District Judge. (Dkt. No. 12.) Plaintiff responded to the M&R with a letter accusing Department of Labor employees of poisoning him with chemical weapons and causing him to suffer nausea, vomiting, and a sore throat as a result. (Dkt. No. 13.) The District Judge subsequently adopted this Court's M&R and gave Plaintiff until November 6, 2020 to amend his complaint. (Dkt. No. 14.) Plaintiff failed to file an amended complaint and, on December 10, 2020, the District Judge dismissed the case with prejudice. (Dkt. No. 15.)

On June 25, 2021, more than six months later, Plaintiff filed a second response to this Court's M&R (Dkt. No. 16) and a request to reopen the case (Dkt. No. 17). In the second M&R response, Plaintiff refiled a copy of his first letter accusing Defendants of poisoning him. (Dkt. No. 16.) He also added a section labeled "Relief" and stated that he was claiming emotional and physical distress, loss of wages, punitive damages, and pain and suffering. (*Id.*) In the request to reopen the case, Plaintiff apologized to the Court and explained that he misunderstood the law and previous court rulings. (Dkt. No. 17.) For the reasons described below, Plaintiff's request to reopen the case should be denied.

## II.     ANALYSIS

Plaintiff does not specify the legal basis for his request to reopen the case. There are generally two Federal Rules of Civil Procedure that govern such requests. Rule 59(e) allows a party to file a motion to alter or amend a judgment within 28 days of the entry of judgment. FED. R. CIV. P. 59(e). Rule 60(b) allows a party to file a motion for relief from judgment either within

one year or within a reasonable time, depending on the grounds for the motion. FED. R. CIV. P. 60(b) & (c). When a *pro se* party moves to reopen a case after the timeframe for a Rule 59(e) motion has passed, courts generally construe the request as a motion under Rule 60(b). *See Lyon v. Gray*, No. 18-CV-636, 2018 WL 5044592, at *1 (N.D. Tex. Sept. 24, 2018) (collecting cases and explaining that motions to reopen a case are construed as Rule 59(e) motions when filed within 28 days of dismissal and Rule 60(b) motions when filed thereafter), *report and recommendation adopted*, 2018 WL 5026381 (Oct. 16, 2018). The Court here does the same.[3]

Rule 60(b) contains two relevant grounds for relief: "mistake, inadvertence, surprise, or excusable neglect" under Rule 60(b)(1) and "any other reason that justifies relief" under Rule 60(b)(6). *See James v. S.H.R.M. Catering Servs., Inc.*, No. 11-CV-566, 2016 WL 1704527, at *2–3 (W.D. La. Apr. 27, 2016) (identifying the grounds that were conceivably applicable to *pro se* party's motion and analyzing only those grounds). Rule 60(b)(1) requires "that the movant make a sufficient showing of unusual or unique circumstances" and is not satisfied by gross carelessness, ignorance of the rules, or ignorance of the law. *Cartman v. Hunt Cty.*, No. 15-CV-481, 2015 WL 3794448, at *1 (N.D. Tex. June 18, 2015) (quotations omitted). Rule 60(b)(6) is a residual, catchall provision "used to cover unforeseen contingencies" and "is a means for accomplishing justice in exceptional circumstances." *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quotations omitted). The movant bears the burden of establishing either grounds for relief, and "the determination of whether that burden has been met rests within the discretion of the court."

---

[3] Even if Rule 59(e) did apply, the result would be the same. Relief under either Rule 59(e) or Rule 60(b) is within the court's discretion and is an extraordinary remedy that should be used sparingly. *See Koussa v. IRS/FBAR*, No. 19-CV-1271, 2020 WL 10403253, at *1 (N.D. Tex. Aug. 6, 2020); *Kareem v. Am. Home Mortg. Holdings, Inc.*, No. 09-CV-2189, 2010 WL 1460050, at *1 (N.D. Tex. Mar. 15, 2010), *report and recommendation adopted*, 2010 WL 1488113 (Apr. 13, 2010).

*Card v. Keffer*, No. 10-CV-1195, 2012 WL 6871559, at *1 (W.D. La. Dec. 21, 2012), *report and recommendation adopted*, 2013 WL 176117 (Jan. 16, 2013).

Here, Plaintiff has failed to establish he is entitled to relief under either the excusable neglect provision or the catchall provision of Rule 60(b). In his motion, Plaintiff states only that he was unaware of the law and court procedures. However, ignorance is insufficient to establish mistake or excusable neglect, even for *pro se* litigants. *See Cartman*, 2015 WL 3794448, at *2 ("Petitioner's pro se status does not relieve him from complying with relevant procedural rules, substantive law, or the court's orders."); *see also Vafaiyan v. City of Wichita Falls*, 398 F. App'x 989, 990 (5th Cir. 2010) ("Even pro se litigants must comply with procedural rules, and ignorance of the law is not a basis for Rule 60(b)(1) relief.") (citation omitted). Plaintiff provides no other comprehensible explanation for his failure to file an amended complaint during the timeframe provided.[4] While the Court must construe Plaintiff's motion liberally, it cannot raise arguments Plaintiff himself did not make. *See Frazier v. Morris*, No. 11-CV-104, 2014 WL 4686723, at *4 & n.17 (N.D. Miss. Sept. 18, 2014); *see also Cartman*, 2015 WL 3794448, at *1 (explaining *pro se* litigants are held to the same standards under Rule 60(b)). Plaintiff has failed to establish he is entitled to relief.

---

[4] To the extent Plaintiff argues his first M&R response (Dkt. No. 13) was an amended complaint asserting that he was chemically poisoned by government employees, the amendment is frivolous. *See Sawyer v. Roberts*, No. 16-CV-448, 2016 WL 1717236, at *2 (W.D. Tex. Apr. 28, 2016) (explaining that a complaint is factually frivolous "when the allegations are fanciful, fantastic, and delusional or when they rise to the level of the irrational or the wholly incredible") (quotations omitted). Moreover, the filing fails to cure the deficiencies identified in the M&R—namely that it does not include a basis for jurisdiction or specify a cause of action—and thus it is an insufficient basis to reopen the case. *See Earbin v. Miller*, No. 20-CV-2505, 2021 WL 542113, at *2 (N.D. Tex. Jan. 6, 2021) (denying Rule 59(e) motion in part because plaintiff's proposed amended complaint failed to cure deficiencies previously identified by the court), *report and recommendation adopted*, 2021 WL 514228 (Feb. 11, 2021).

### III.   CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** Plaintiff's Request to Reopen the Case (Dkt. No. 17) be **DENIED**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the Undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas on October 6, 2021.

Sam S. Sheldon
United States Magistrate Judge